**NOT RECOMMENDED FOR PUBLICATION**

No. 21-6244

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Dec 21, 2022
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|    Plaintiff-Appellee, | ) ) ) |
| v. | ) ON APPEAL FROM THE UNITED ) STATES DISTRICT COURT FOR ) THE EASTERN DISTRICT OF |
| OSCAR JOSHUA CALHOUN, | ) KENTUCKY |
|    Defendant-Appellant. | ) ) ) |

O R D E R

Before: GUY, SUHRHEINRICH, and STRANCH, Circuit Judges.

Oscar Joshua Calhoun, a federal prisoner, appeals the district court's imposition of a $15,000 special assessment pursuant to the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 ("AVAA"), 18 U.S.C. § 2259A. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

In May 2021, Calhoun pleaded guilty, without a written plea agreement, to three counts of distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2). The district court accepted Calhoun's guilty pleas and imposed a within-guidelines sentence of 375 months of imprisonment, to be followed by a lifetime of supervised release. It also ordered Calhoun to pay a special assessment of $15,000 under the AVAA, indicating that the amount was based on $5,000 per victim.

On appeal, Calhoun argues that the district court failed to consider the requisite statutory factors before imposing the special assessment under the AVAA. The parties agree that this issue is subject to plain error review because Calhoun failed to object to the imposition of the AVAA

Case: 7:20-cr-00003-REW-EBA  Doc #: 115  Filed: 12/21/22  Page: 2 of 4 - Page ID#: 747

No. 21-6244
- 2 -

assessment when afforded the opportunity to do so by the district court at the conclusion of his sentencing hearing.  *See United States v. Wandahsega*, 924 F.3d 868, 889 (6th Cir. 2019) (citing *United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008) (en banc)).  To satisfy plain-error review, a defendant must "show (1) error (2) that 'was obvious or clear,' (3) that 'affected defendant's substantial rights' and (4) that 'affected the fairness, integrity, or public reputation of the judicial proceedings.'"  *Vonner*, 516 F.3d at 386 (quoting *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006)).

Title 18 U.S.C. § 2259A(a) provides that, "[i]n addition to any other criminal penalty, restitution, or special assessment authorized by law, the court shall assess . . . not more than $17,000 on any person convicted of an offense under section 2252(a)(4) or 2252(a)(5)" and "not more than $35,000 on any person convicted of any other offense for trafficking in child pornography."  "A monetary penalty under the AVAA is separate and distinct from restitution." *United States v. Madrid*, 978 F.3d 201, 205 (5th Cir. 2020).  "Rather than going to individual victims, all assessments 'collected under' the AVAA 'shall be deposited into the Child Pornography Victims Reserve' fund."  *United States v. Miller*, 23 F.4th 817, 819 (8th Cir. 2022) (quoting 18 U.S.C. § 2259B(a)).

When determining the amount of an assessment under § 2259A(a), the district court must consider the factors set forth in 18 U.S.C. §§ 3553(a) and 3572.  18 U.S.C. § 2259A(c).  Section 3553(a) lists the following factors that a district court should consider when determining the appropriate sentence for a defendant:  (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense as well as to afford adequate specific and general deterrence; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established by the sentencing guidelines; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records; and (7) the need to provide restitution to any victims of the offense.  18 U.S.C. § 3553(a).  Section 3572, on the other hand, requires consideration of the following factors that are specifically applicable to fines "and related matters": (1) the defendant's income, earning capacity, and financial resources; (2) the burden a fine would

impose on the defendant and the defendant's dependents; (3) any pecuniary loss to victims; (4) whether restitution is ordered and in what amount; (5) the need to deprive the defendant of illegally obtained gains; (6) the cost of imprisonment and supervised release; and (7) whether the defendant can pass the cost of the fine on to others. 18 U.S.C. § 3572(a).

Calhoun's contention that the district court failed to consider the factors set forth in §§ 3553(a) and 3572 prior to imposing the AVAA assessment is unavailing. Calhoun acknowledges that the district court "examined and discussed" the § 3553(a) factors "at length" when imposing his custodial sentence, so it was unnecessary for the court to repeat its analysis of those factors before imposing the special assessment. District courts are not required to engage in a "ritual incantation" of the sentencing factors, *United States v. Smith*, 505 F.3d 463, 467-68 (6th Cir. 2007) (quoting *United States v. Cage*, 458 F.3d 537, 543 (6th Cir. 2006)), or to repeat them in a way that "would be repetitious and unwarranted," *United States v. Berry*, 565 F.3d 332, 343 (6th Cir. 2009).

Additionally, the district court considered the arguments made by Calhoun's court-appointed lawyer that Calhoun has "nothing to his name" and "has serious mental and emotional issues" that prevent him from holding down a job for longer than a few weeks at a time. The sentencing transcript also reflects that the district court carefully reviewed the presentence report, which noted Calhoun's financial liabilities and total lack of assets and monthly income. But the presentence report also noted that Calhoun has no dependents and is a high-school graduate with some college-level education. Presented with this information, the district court imposed an AVAA assessment totaling $15,000, but allowed Calhoun to pay that assessment in monthly installments. This payment plan required Calhoun to pay 50% of any earnings over $75 per month while incarcerated. The record thus reflects that the district court considered the relevant statutory factors, including Calhoun's ability to pay, prior to imposing the AVAA assessment. *See United States v. Knox*, 634 F.3d 461, 464-65 (8th Cir. 2011) (finding that the district court duly addressed the defendant's ability to pay where the court considered the presentence report's listing of the defendant's assets and liabilities and created a payment plan); *see also United States v. Loggins*, Nos. 98-5657/5744, 1999 WL 1204793, at *13 (6th Cir. Dec. 7, 1999) ("Although the court must consider the factors in §§ 3553(a) and 3572 in imposing a fine, the court is not required to state its

No. 21-6244
- 4 -

factual findings on the record when determining a defendant's ability to pay a fine; rather, the court's required consideration of those factors may be inferred from the record." (citing *United States v. Tosca*, 18 F.3d 1352, 1355 (6th Cir. 1994))).

Based on the foregoing, Calhoun has failed to demonstrate any error, let alone plain error, in the district court's imposition of the $15,000 special assessment under the AVAA. We therefore **AFFIRM** the district court's judgment.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk